**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Perry Parker, | No. CV-17-02904-PHX-SPL (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Lori Johnson, et al., | |
| Defendants. | |

Plaintiff Perry Parker, who is confined in the Arizona State Prison Complex, Cibola Unit, in San Luis, Arizona, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). In his two-count Complaint, Plaintiff asserts claims for denial of constitutionally adequate medical care. The Court ordered Defendants Johnson, Brisbois, Barcklay and Lynn to answer the Complaint (Doc. 7 at 5). Defendants Johnson, Brisbois, and Barcklay filed their Answer on March 27, 2018 (Doc. 13). Service of process was returned unexecuted as to Defendant Lynn (Doc. 10 at 1). In the Court's Order of January 9, 2018, the Court ordered Plaintiff to either "obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later" or "the action may be dismissed as to each Defendant not served." (Doc. 7 at 5). *See* Fed. R. Civ. P. 4(m). Plaintiff has failed to timely serve Defendant Lynn.

Pursuant to LRCiv 16.2(b)(2)(B)(ii), the Court issued a Scheduling Order on March 30, 2018 which requires that "[m]otions to amend the complaint and to join additional parties shall be filed no later than May 29, 2018." (Doc. 14 at 4). On April 12, 2018, Plaintiff filed a First Amended Complaint (Doc. 15). Thereafter on May 17, 2018, Plaintiff filed a "Motion for the Appotntment [sic] of Counsel" (Doc. 17) and "Request for Court to Issue Order for the U.S. Marshal to Serve Subpoenas on Behalf of the Incarcerated Plaintiff" (Doc. 18). The Court will strike Plaintiff's First Amended Complaint (Doc. 15), deny the "Motion for the Appotntment [sic] of Counsel" (Doc. 17), and deny without prejudice the "Request for Court to Issue Order for the U.S. Marshal to Serve Subpoenas on Behalf of the Incarcerated Plaintiff" (Doc. 18). The Court will order Plaintiff to show cause no later than June 14, 2018 why his claims as to Defendant Lynn should not be dismissed for failure to timely serve pursuant to Fed. R. Civ. P. 4(m).

**I. DISCUSSION**

**A. First Amended Complaint (Doc. 15)**

Fed. R. Civ. P. 15(a)(1)(B) allows a party to amend its pleading once as a matter of course within twenty-one (21) days after service of a responsive pleading. The Courts Scheduling Order allows motions to amend pleadings to be filed through May 29, 2018. Plaintiff has timely attempted to amend his Complaint.

However, LRCiv 15.1(b) provides that:

> If a party files an amended pleading as a matter of course or with the opposing party's written consent, the amending party must file a separate notice of filing the amended pleading. The notice must attach a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added. The amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits….

"A district court has discretion to adopt local rules. . . . Those rules have 'the force of law.'" *Hollingsworth v. Perry*, 558 U.S. 183 (2010) (citation omitted). Hence, both the

parties and the Court are bound by the local rules. LRCiv 83.3(c) (1) ("Anyone appearing before the court is bound by these Local Rules."); *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994). A district court's departure from its local rules is justified only if the effect is "so slight and unimportant that the sensible treatment is to overlook [it]." *Id*. (internal quotation marks and citation omitted).

Here, Plaintiff has not filed a separate notice of filing his First Amended Complaint. Nor has Plaintiff indicated in what respect it differs from his original Complaint (Doc. 1). Plaintiff's First Amended Complaint fails to comply with Local Rule 15.1(b), LRCiv. Plaintiff's failure to comply with the Local Rule 15.1(b) hinders the Court's ability to compare the Complaint and First Amended Complaint. Therefore, the Court will strike Plaintiff's First Amended Complaint. *See* LRCiv 7.2(m). No later than **June 14, 2018**, Plaintiff may file a Notice of Filing First Amended Complaint with a copy of the amended pleading attached which complies with LRCiv 15.1(b).

**B. "Motion for the Appotntment [sic] of Counsel" (Doc. 17)**

Plaintiff requests that the Court appoint him legal counsel for many reasons as set forth in his motion. Plaintiff indicates that his case is complex, involves medical issues, requires depositions and expert testimony, and will result in a jury trial. Plaintiff states that he is 65 years old, disabled, and legally blind. He asserts that another inmate has been writing his pleadings for him and is no longer available. Plaintiff provides no medical documentation to support his statements. Nor does Plaintiff propose that no other inmate can help him.

There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In pro se and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). District courts, however, do have the discretion to request that an attorney

represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff's filings with the Court indicate that Plaintiff is capable of navigating this proceeding and presenting arguments to the Court. Having considered the likelihood of success on the merits and Plaintiff's ability to articulate his claims, the Court does not find that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff remains in a position no different than many pro se prisoner litigants. The Court will deny Plaintiff's "Motion for the Appotntment [sic] of Counsel" (Doc. 17).

**C. "Request for Court to Issue Order for the U.S. Marshal to Serve Subpoenas on Behalf of the Incarcerated Plaintiff" (Doc. 18)**

Plaintiff asks that the Court "issue an order that the U.S. Marshal serve subpoenas on Corizon Health, and Flagstaff Medical Center." (Doc. 18) Plaintiff indicates only that the subpoenas are for the "production of documents." (Id.) Plaintiff does not indicate what documents he seeks or for what purpose related to this case he needs them. Plaintiff provides insufficient information for the Court to determine whether the discovery Plaintiff seeks through the issuance of subpoenas is relevant and proportional to the needs of Plaintiff's case or privileged. *See* Fed. R. Civ. P. 26(b)(1). The Court must also determine if the subpoenas would be unduly burdensome for the entities subject to them. *See* Fed. R. Civ. P. 45(d). Plaintiff has failed to set forth sufficient information to support his request. Plaintiff's "Request for Court to Issue Order for the U.S. Marshal to Serve Subpoenas on Behalf of the Incarcerated Plaintiff" (Doc. 18) will be denied without

prejudice. Plaintiff may re-urge the request with more complete supporting factual information.

## II. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** striking Plaintiff's First Amended Complaint (Doc. 15). Plaintiff may file a Notice of Filing First Amended Complaint with attachment that complies with LRCiv 15.1(b) **no later than June 14, 2018.**

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion for the Appotntment [sic] of Counsel" (Doc. 17).

**IT IS FURTHER ORDERED** denying without prejudice Plaintiff's "Request for Court to Issue Order for the U.S. Marshal to Serve Subpoenas on Behalf of the Incarcerated Plaintiff" (Doc. 18).

**IT IS FURTHER ORDERED** that Plaintiff show cause **no later than June 14, 2018** why his Complaint as to Defendant Lynn should not be dismissed for failure to timely serve pursuant to Fed. R. Civ. P. 4(m).

Dated this 1st day of June, 2018.

_____
Honorable Eileen S. Willett
United States Magistrate Judge